**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| PATRICK PLUMLEY, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> OTELCO INC., STEPHEN P. MCCALL, BARBARA M. DONDIEGO-STEWART, HOWARD J. HAUG, DAYTON R. JUDD, BRIAN A. ROSS, and RICHARD A. CLARK, <br><br> Defendants. | ) <br> ) <br> ) <br> ) Case No. _____ <br> ) <br> ) JURY TRIAL DEMANDED <br> ) <br> ) CLASS ACTION <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT FOR VIOLATION OF THE SECURITIES EXCHANGE ACT OF 1934**

Plaintiff, by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE OF THE ACTION**

1. This action stems from a proposed transaction announced on July 27, 2020 (the "Proposed Transaction"), pursuant to which Otelco Inc. ("Otelco" or the "Company") will be acquired affiliates of Oak Hill Capital Partners V.

2. On July 26, 2020, Otelco's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Future Fiber FinCo, Inc. ("Parent") and Olympus Merger Sub, Inc. ("Merger Sub"). Pursuant to the terms of the Merger Agreement, Otelco's stockholders will receive $11.75 in cash for each share of Otelco Class A common stock they own.

3. On August 20, 2020, defendants filed a proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission (the "SEC") in connection with the Proposed Transaction.

4. The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading. Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6. This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8. Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Otelco common stock.

9. Defendant Otelco is a Delaware corporation and maintains its principal executive offices at 505 Third Avenue East, Oneonta, Alabama 35121. Otelco's common stock is traded on the NASDAQ Global Select Market under the ticker symbol "OTEL."

10. Defendant Stephen P. McCall is Chairman of the Board of the Company.

11. Defendant Barbara M. Dondiego-Stewart is a director of the Company.

12. Defendant Howard J. Haug is a director of the Company.

13. Defendant Dayton R. Judd is a director of the Company.

14. Defendant Brian A. Ross is a director of the Company.

15. Defendant Richard A. Clark is President, Chief Executive Officer, and a director of the Company.

16. The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Otelco (the "Class"). Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

18. This action is properly maintainable as a class action.

19. The Class is so numerous that joinder of all members is impracticable. As of July 24, 2020, there were approximately 3,421,794 shares of Otelco Class A common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

20. Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

21. Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other

members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

22. The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

23. Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

24. Otelco provides wireline telecommunications services in Alabama, Maine, Massachusetts, Missouri, New Hampshire, Vermont, and West Virginia.

25. The Company's services include local and long-distance telephone, digital high-speed data lines, transport services, network access, cable television, and other related services.

26. The Company provides over 67,000 services to more than 33,000 customers, with approximately 10% of those customers served over its Lightwave product.

27. On July 26, 2020, Otelco's Board caused the Company to enter into the Merger Agreement.

28. Pursuant to the terms of the Merger Agreement, Otelco's stockholders will receive $11.75 in cash for each share Otelco Class A common stock they own.

4

29. According to the press release announcing the Proposed Transaction:

Otelco Inc. (Nasdaq: OTEL) ("Otelco" or the "Company"), a wireline telecommunication services provider in Alabama, Maine, Massachusetts, Missouri, New Hampshire, Vermont and West Virginia, announced today that it has entered into a definitive agreement to be acquired by affiliates formed by Oak Hill Capital ("Oak Hill"), a private equity firm, for $11.75 per share in cash, which represents an equity purchase price of $40.6 million and an enterprise value of $105.6 million. As part of the definitive agreement, Oak Hill will assume or refinance Otelco's outstanding debt. The consideration represents a 43.3% premium to the unaffected share price of Otelco as of June 23, 2020, a 53.2% premium to the 20-Day Volume Weighted Average Price as of the same date, and a 58.1% premium to Otelco's average daily closing stock price during the second quarter of 2020.

Otelco's Board of Directors approved and declared advisable the merger agreement, and Otelco's Board of Directors recommended the approval and adoption of the merger agreement by the holders of shares of Otelco common stock. A special meeting of Otelco's shareholders will be held as soon as practicable after the filing of a definitive proxy statement with the U.S. Securities and Exchange Commission ("SEC") and subsequent mailing to shareholders. The mailing of the proxy statement is expected to take place following the expiration of a 30-day 'go-shop' period, during which Otelco is permitted to encourage and solicit alternative proposals from third parties.

The transaction is not subject to financing contingencies and is expected to close in the fourth quarter of 2020. The agreement is subject to Otelco shareholder approval, as well as other regulatory and customary closing conditions. Otelco's largest shareholders are a group of related entities, which collectively own 49.6% of the Company's outstanding shares and have agreed to vote in favor of the transaction.
. . .

Lazard is serving as financial advisor and Troutman Pepper is serving as legal advisor to Otelco. Paul Weiss is serving as legal counsel to Oak Hill.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

30. Defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

31. As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

5

32. First, the Proxy Statement omits material information regarding the Company's financial projections.

33. The Proxy Statement fails to disclose: (i) all line items used to calculate Adjusted EBITDA; (ii) projected free cash flows and all underlying line items; and (iii) a reconciliation of all non-GAAP to GAAP metrics.

34. The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

35. Second, the Proxy Statement omits material information regarding the analyses performed by the Company's financial advisor in connection with the Proposed Transaction, Houlihan Lokey Capital, Inc. ("Houlihan").

36. With respect to Houlihan's Selected Companies Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the companies observed in the analysis.

37. With respect to Houlihan's Selected Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and metrics for the transactions observed in the analysis.

38. With respect to Houlihan's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the projected unlevered, after-tax free cash flows used in the analysis and all underlying line items; (ii) Houlihan's basis for applying a range of perpetuity growth rates of 0.0% to 1.0%; (iii) the individual inputs and assumptions underlying the discount rates ranging from 6.0% to 7.0%; and (iv) cash, cash equivalents, investments, and debt.

39. When a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and

range of ultimate values generated by those analyses must also be fairly disclosed.

40. Third, the Proxy Statement fails to disclose the terms of the engagement of the Company's additional financial advisor, Lazard Middle Market LLC ("Lazard"), including: (i) the amount of compensation Lazard has received or will receive in connection with its engagement; (ii) whether Lazard has performed past services for any parties to the Merger Agreement or their affiliates; (iii) the timing and nature of such services; and (iv) the amount of compensation received by Lazard for providing such services.

41. Similarly, the Proxy Statement fails to disclose the timing and nature of all services Houlihan provided to the parties to the Merger Agreement and their affiliates, as well as the amount of compensation received by Houlihan for providing such services.

42. Full disclosure of investment banker compensation and all potential conflicts is required due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives.

43. Fourth, the Proxy Statement fails to disclose whether the Company entered into any confidentiality agreements that contained standstill and/or "don't ask, don't waive" provisions.

44. Without this information, stockholders may have the mistaken belief that, if these potentially interested parties wished to come forward with a superior offer, they are or were permitted to do so, when in fact they are or were contractually prohibited from doing so.

45. The omission of the above-referenced material information renders the Proxy Statement false and misleading.

46. The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to the Company's stockholders.

## COUNT I

### Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Otelco

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading. Otelco is liable as the issuer of these statements.

49. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

50. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

51. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

52. The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

53. By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

54. Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants

55. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

56. The Individual Defendants acted as controlling persons of Otelco within the meaning of Section 20(a) of the 1934 Act as alleged herein. By virtue of their positions as officers and/or directors of Otelco and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

57. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

58. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

59. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the 1934 Act.

60. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act. As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C. Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D. Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E. Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F. Granting such other and further relief as this Court may deem just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: September 1, 2020                **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
Seth D. Rigrodsky (#3147)
Brian D. Long (#4347)
Gina M. Serra (#5387)
300 Delaware Avenue, Suite 210
Wilmington, DE 19801
Telephone: (302) 295-5310
Facsimile: (302) 654-7530
Email: sdr@rl-legal.com
Email: bdl@rl-legal.com
Email: gms@rl-legal.com

**OF COUNSEL:**

**RM LAW, P.C.**
Richard A. Maniskas
1055 Westlakes Drive, Suite 300
Berwyn, PA 19312
Telephone: (484) 324-6800
Facsimile: (484) 631-1305
Email: rm@maniskas.com

*Attorneys for Plaintiff*